UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN W. MITCHELL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| DALLAS COUNTY, TEXAS, | § | Civil Action No. 3:19-CV-00744-X |
| SHERIFF MARIAN BROWN, | § | |
| JOHN DOE 1, JOHN DOE 2, | § | |
| JOHN DOE 3, JOHN DOE 4, | § | |
| and JOHN DOE 5, | § | |
| | § | |
| *Defendants.* | § | |

## AMENDED MEMORANDUM OPINION AND ORDER

This is a civil rights claim from a former inmate for an alleged assault by five jail guards. Plaintiff Steven Mitchell sued the five unknown prison guards as well as Dallas County (the county) and Sheriff Marian Brown. Mitchell brought claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1981 (Doc. No. 6). The county and Sheriff Brown moved to dismiss (Doc. No. 11) the claims against them, and the Court **GRANTS** that motion. The Supreme Court has held that section 1981 claims cannot be made against governmental entities, so the Court **DISMISSES WITH PREJUDICE** Mitchell's section 1981 claim against the county and Sheriff Brown. And Mitchell failed to meet the pleading threshold the Supreme Court and Fifth Circuit established for section 1983 claims for alleging an official policy, deliberate indifference, and legal causation. Accordingly, the Court **DISMISSES** Mitchell's section 1983 claim against

1

the county and Sheriff Brown, and grants Mitchell leave to amend his pleading to cure these pleading deficiencies. In a separate order issued alongside this one, the Court orders Mitchell to engage in discovery to identify the five John Doe defendants and to file an amended complaint with these defendants' true names by July 9, 2020. This amended complaint must also cure Mitchell's 1983 claim pleading deficiencies.

## I. Factual Background

Mitchell was a pretrial detainee in the Dallas County Jail in March 2017. He was alone in his cell when he alleges five guards entered the cell, ordered him out of the cell, pushed him back into his cell, and then assaulted him. He had injuries to his eyes, nose, face, and knees. He was transported to Parkland Hospital, where he was treated and then sent to the hospital wing of the county jail for another three months until his release. Mitchell claims he still has not regained full vision.

Mitchell initiated this action with a complaint on March 25, 2019. On July 2, the Court ordered Mitchell to serve all defendants by July 16. Mitchell refiled his complaint on July 8 and served Sheriff Brown on July 10. Mitchell brought claims under section 1981 and 1983 against the county and Sheriff Brown in her official capacity, as well as five "John Doe" guards. He claims the defendants violated his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments by using excessive force, retaliating against him for protected speech, and discriminating against him because of his race.

## II. Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accepting as true the factual allegations in the complaint and drawing

all inferences in the plaintiff's favor."[1] To survive a motion to dismiss, Mitchell must allege enough facts "to state a claim to relief that is plausible on its face."[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[4] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[5] Conclusory allegations and legal conclusions masquerading as factual allegations are not well pleaded and cannot prevent dismissal.[6]

## III. Application

The Court addresses Mitchell's two claims against the county and Sheriff Brown separately.

### A. 1983 Claim

#### 1. Official Policy

Section 1983 does not impose liability on a government entity simply because

---

[1] *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015) (citing *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110–11 (2d Cir. 2012)).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Id.*; *see also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

[5] *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. Rule 8(a)(2)).

[6] *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

they are the employer of a government employee who violates someone's rights.[7] The Fifth Circuit has made clear that isolated acts of local government employees will rarely trigger section 1983 liability for the government.[8] To hold government liable under section 1983, a plaintiff must establish that an "official policy" of the government (not the policy of an individual governmental official) was the "moving force" and actual cause of the loss of constitutional rights and any harm.[9] An official policy need not be codified but can be: "a persistent, widespread practice of [government] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents [governmental] policy."[10]

But a plaintiff can't just generally allege such a custom. The Fifth Circuit made clear that: "each and any policy which allegedly caused constitutional violations must be specifically identified by a plaintiff, and it must be determined whether each one is facially constitutional or unconstitutional."[11] When, as here, allegations address the failure to train or supervise, the plaintiff

> must at least make some allegation relating to an identifiable training, supervision, and discipline policy or customary practice of the [governmental entity] that was constitutionally defective; simply alleging that the [governmental entity] generally failed to train, supervise, and discipline its [School Resource Officers] is insufficient to plead a § 1983 claim that is plausible on its face.[12]

---

[7] *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Bd. of Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)).

[8] *Id.* at 578 (citing *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984)).

[9] *Id.*

[10] *Id.* at 579 (citing *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)).

[11] *Id.* at 579–80.

[12] *E.G. v. Bond*, 2017 WL 129019, at *4 (N.D. Tex. Jan. 13, 2017) (Cummings, J.).

Or as the Fifth Circuit framed it elsewhere, "for liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective."[13]

Here, Mitchell alleges the Sheriff and county are the final policymakers, but he fails to allege there is a duly promulgated policy statement, ordinance, or regulation. As a result, he is left to contend there exists a custom (a persistent, widespread practice). Mitchell pleads in Complaint paragraphs 35, 55, and 72 that the five jail guards that allegedly assaulted him "were acting pursuant to municipal/county custom, policy decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff." Mitchell uses more words, but not specific allegations, against the county and Sheriff Brown elsewhere in his Complaint:

> 84. These Defendant (sic) developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of [Mitchell's] constitutional and federal rights as set forth herein and in the other claims, from a conscious or deliberate choice to follow a course of action from among various alternatives.

> 85. Defendants have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of [Mitchell] and of the public.

These bare recitations of the elements of a 1983 claim are insufficient to meet the *Twombly* and *Iqbal* standard applied 1983 claims. The factual assertions Mitchell

---

[13] *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005).

made were only of an isolated incident, which is insufficient to impose 1983 liability on the government for an official policy. To survive a motion to dismiss, Mitchell must adequately allege specific facts regarding an official policy on training or supervision or a widespread and persistent practice on training or supervision.

### 2. Deliberate Indifference by the County and Sheriff Brown

The second aspect of governmental liability under section 1983 is that the governmental policy-makers must have been deliberately indifferent to the "'known or obvious consequences' that constitutional violations would result" from the custom.[14] In other words, the deliberate indifference standard "requires a plaintiff to show that '1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; 2) the official actually drew that inference; and 3) the official's response indicates the official subjectively intended that harm occur.'"[15] This deliberate indifference showing applies regardless of whether the claim is for an official policy in the form of a custom, or an alleged failure to train,[16] or an alleged failure to supervise.[17]

Here, Mitchell failed to plead facts showing the county and Sheriff Brown were deliberately indifferent to a known or obvious risk that its customs would result in deprivations of specific rights. Instead, Mitchell pled conclusory allegations

---

[14] *Piotrowski*, 237 F.3d at 579.

[15] *Hartzog v. Hackett*, 711 F. App'x 235, 235–36 (5th Cir. 2018) (quoting *Thompson v. Upshur Cty.*, 245 F.3d 447, 458–59 (5th Cir. 2001)).

[16] The Supreme Court held in *City of Canton v. Harris* that a *Monell* claim based upon a "policy" of inadequate police training requires proof of "deliberate indifference" to the rights of persons governmental officials will come into contact with. 489 U.S. 378, 388 (1989).

[17] *Deville v. Marcantel*, 567 F.3d 156, 171 (5th Cir. 2009).

regarding these legal standards in paragraphs 85–87 of his complaint.[18] Under *Iqbal* and *Twombly*, this rote recitation of a legal standard does not make it factually plausible that the county and Sheriff Brown were deliberately indifferent to the rights of inmates like Mitchell.[19]

## B. 1981 Claim

In addition to his section 1983 claim, Mitchell asserted a section 1981 claim. It is not entirely clear whether this claim, aimed at the five jail guards, also is against the county and Sheriff Brown. To the extent this claim is directed at the county and Sheriff Brown, it has a fatal legal flaw. The Supreme Court made clear that there is no section 1981 cause of action against local governments.[20] Instead, one must seek relief from governmental entities under section 1983, as Mitchell already has.[21] No

---

[18] Mitchell alleges:

> 85. Defendants have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of [Mitchell] and of the public.

> 86. In light of the duties and responsibilities of those sheriff department officers that engage in guard duties, the need for specialized training and supervision is so obvious, and the inadequacy of the training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

> 87. The deliberately indifferent training and supervision provided by the Defendants resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to the Defendants and were the moving forces in the constitutional and federal violation injuries complained of the by the Plaintiff.

[19] The county and Sheriff Brown also argue that Mitchell failed to plead sufficient facts that the government policy was the legal cause of the injury. While this contention is correct, the Court cannot adequately analyze it in this pleading because of the lack of allegations regarding a government policy. In his repleading, Mitchell should take care to adequately plead facts that affirmatively link the government policy to the constitutional violation and be the moving force behind it. *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992).

[20] *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731 (1989).

[21] *Id.* ("[T]he express cause of action for damages created by § 1983 constitutes the exclusive federal

amount of repleading can change the Supreme Court's ruling, so the Court will dismiss the section 1981 as against the county and Sheriff Brown with prejudice.

## IV. Conclusion

For these reasons, the Court **GRANTS** the county and Sheriff Brown's motion to dismiss, **DISMISSES WITH PREJUDICE** Mitchell's section 1981 claim against the county and Sheriff Brown, **DISMISSES** Mitchell's section 1983 claim against the county and Sheriff Brown, and grants Mitchell leave to amend his pleading. The 1983 claim pleading deficiencies must be cured in the amended complaint identifying the John Doe defendants, which must be filed by July 9, 2020.[22]

**IT IS SO ORDERED** this 9th day of March, 2020**.**

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

_____

remedy for violation of the rights guaranteed in § 1981 by state governmental units[.]").

[22] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.